UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO VARGAS CASILLAS, | ) 1:10-cv—00471-SMS-HC |
| Petitioner, | ) ORDER DISMISSING THE PETITION AS ) DUPLICATIVE (Doc. 1) |
| v. | ) ORDER DECLINING TO ISSUE A ) CERTIFICATE OF APPEALABILITY |
| JAMES WALKER, | ) |
| Respondent. | ) ORDER DIRECTING THE CLERK TO ) CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 7, 2010 (doc. 3). Pending before the Court is the petition, which was filed on March 16, 2010.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

    II.   Duplicative Petitions

        A.   Background

Petitioner, an inmate of the California State Prison at Sacramento, is serving a sentence of twenty-five years to life

for murder imposed by the Kern County Superior Court in case number BF119960. (Pet. 28.) In the petition, he challenges his murder conviction on various grounds, including a violation of the Fourth Amendment's protection against unreasonable searches and seizures, insufficiency of the evidence to support or constitute a factual basis for Petitioner's plea of guilty to murder, ineffective assistance of counsel in multiple respects, delay in arraignment, and failure to disclose unspecified material evidence. (Pet. 6-25.)

Petitioner has previously filed another petition concerning this conviction. The Court takes judicial notice of its docket in Rigoberto Vargas Casillas v. Martel, Warden, case number 1:10-cv-00139-MJS.[1] In that petition, Petitioner challenges the same murder conviction. (Ans., doc. 33, 10.) Petitioner raises many of the same issues as in the later petition that is the subject of this order. (Id. at 18-26.) An answer was filed on September 2, 2010 in that proceeding. (Doc. 33.) The case thus appears to be ready for decision.

B. Legal Standards

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative, later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

3

Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)) (en banc).

In assessing whether a second action is duplicative of the first, the Court examines whether the causes of action, relief sought, and the parties or privies to the action are the same. Adams, 487 F.3d at 689.

First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id. at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."  Id.  In applying the transaction test, the Court examines four criteria: 1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; 2) whether substantially the same evidence is presented in the two actions; 3) whether the two suits involve infringement of the same right; and 4) whether the two suits arise out of the same transactional nucleus of facts.

Second, the Court determines whether the respondents are the same or in privity.  Privity includes an array of relationships which fit under the title of "virtual representation," the necessary elements of which are an identity of interests and adequate representation."  Adams, 487 F.3d at 691.  "Additional

4

features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693-94. The Court has discretion to dismiss a duplicative complaint with prejudice in order to promote judicial economy and the comprehensive disposition of litigation, protect the parties from vexatious and expensive litigation, and serve the societal interest in bringing an end to disputes. Adams, 487 F.3d at 692.

### C. Analysis

The instant petition challenges the same conviction as that being litigated in the previously filed and currently pending petition in case number 1:10-cv-00139-MJS. Petitioner also seeks the same relief. The issues have been joined and briefed in the other proceeding, which appears to be ready for decision.

Therefore, the Court will exercise its discretion to dismiss the instant petition as duplicative. To the extent that Petitioner seeks to pursue his remedies with respect to the judgment in question, Petitioner must do so in the original case.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue

5

only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition is DISMISSED with prejudice as duplicative; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because this order terminates it in its entirety.

IT IS SO ORDERED.

**Dated:     January 18, 2011**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE