UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
RIGOBERTO VARGAS CASILLAS,      ) 1:10-cv—00471-SMS-HC
                                )
               Petitioner,      ) ORDER DEEMING PETITIONER'S
                                ) "OBJECTION" TO BE A MOTION FOR
                                ) RECONSIDERATION AND DENYING THE
      v.                        ) MOTION FOR RECONSIDERATION
                                ) (Doc. 8)
JAMES WALKER,                   )
                                )
               Respondent.      )
                                )
_____)
```

Petitioner is a state prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. The Court dismissed the petition as duplicative by order and judgment filed and served on Petitioner on January 18, 2011. Pending before the Court is Petitioner's "Objection" filed on February 7, 2011.

I. Motion pursuant to Fed. R. Civ. P. 60(b)

The Court notes that the Magistrate Judge did not file findings and a recommendation because Petitioner had consented to the jurisdiction of the Magistrate Judge. Instead, the

1

Magistrate Judge filed a dispositive order of dismissal. Therefore, objections were not an appropriate vehicle for Petitioner's arguments.

Because judgment has now been entered, the Court will consider Plaintiff's objection as a motion pursuant to Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60 applies to habeas proceedings only to the extent that it is not inconsistent with the applicable federal statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (challenge to dismissal of a § 2254 petition for untimeliness). Although successive petitions are limited by statute, it is appropriate to consider a Rule 60(b) motion as such in a § 2254 proceeding where a petitioner uses the vehicle not to allege a claim or to attack the substance of the federal court's resolution of a claim on the merits, but rather to challenge a ruling that precluded a merits determination and thereby to raise some defect in the integrity of the federal habeas proceedings, such as failure to exhaust, procedural default, or statute of limitations. Id. at 532, 538.

Here, Petitioner challenges the Court's determination in a proceeding pursuant to § 2254 that his petition was duplicative and thus did not warrant merits review. The Court will assume that Rule 60(b) is appropriately applied in Petitioner's case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3)

2

fraud or misconduct by an opposing party; or 4) any other reason that justifies relief from the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or proceeding. Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 78-230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances were not shown at the time of the prior motion."

Here, Petitioner challenged his murder conviction on various grounds. (Pet. 6-25.) However, he had previously filed another

3

petition concerning the same conviction in this Court raising many of the same issues.

Petitioner states in the motion for reconsideration that he has the right to challenge the conditions of his confinement under the due process clause and Fed. R. Civ. P. 4. (Doc. 8, 1.) However, his initial petition did not relate to the conditions of his confinement.

The Court concludes that Petitioner has not demonstrated good cause, excusable neglect, or any other reason justifying relief under Rule 60(b).

Accordingly, the Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   February 10, 2011**               /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE